UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JUAN GIRALDO, | ) | CASE NO.  4:09 CV 1708 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| ERIC HOLDER, et al., | ) | |
| | ) | |
| Respondents. | ) | |

*Pro se* petitioner Juan Giraldo filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241.  Giraldo, who is incarcerated at the Northeast Ohio Correctional Center ("N.E.O.C.C.") in Youngstown, Ohio, brings this action against United States Attorney General Eric Holder, Secretary of the Department of Homeland Security Janet Napolitano and Emilio T. Gonzalez, Director of the U.S. Citizenship and Immigration Services.  Giraldo seeks removal of an Immigration detainer lodged against him "due to the undeniable fact that, as a 'co-surety,' having the same 'rights and privileges,' and being an 'alter ego' of the United States Corporation, He [sic] is in fact a 14th Amendment 'United States Citizen.'" (Pet. at 3.)

*Background*

There are no facts set forth in the petition, which is subdivided as follows: II.[1] Authority of the Court, III. Jurisdiction and Venue, IV. Relief Sought, and V. Discussion. These sections address petitioner's theories of law without any factual basis upon which the court can determine he is entitled to relief.

Giraldo attached an INS "Notice to Appear,"dated August 11, 2005, directed to "Juan Alberto Giraldo-Quiceno." The Notice indicates that Giraldo is a citizen of Colombia admitted to the United States,[2] but who is deportable because he was convicted in the United States District Court for the District of Rhode Island on August 4, 2005 of conspiracy with intent to distribute cocaine in violation of 21 U.S.C. §§846, 841(a)(1) and (b)(1), as well as tax evasion in violation of 26 U.S.C. §7201. He was sentenced to serve a sentence of 71 months. The Notice directed Giraldo to appear before an immigration judge on "a date to be set."

A copy of the Notice was personally served on Giraldo the same date it was issued. Further, details of the notice were orally provided to him in Spanish. It would appear the Notice is now being used as a detainer against Giraldo at N.E.O.C.C.

*Standard of Review*

Whether a writ of habeas should be granted is dictated by 28 U.S.C. § 2243. The statute provides, in relevant part:

A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why

---

[1]There is no "I." identified in the petition.

[2]The Notice indicates that on June 9, 1999 Mr. Giraldo became a lawful permanent resident of the United States under §244 (9)(1) of the Immigration and Nationality Act (INA).

2

the writ should not be granted, *unless it appears from the application that the applicant or person detained is not entitled thereto.*

28 U.S.C. § 2243 (emphasis added).  Based on the relevant facts before this Court, Giraldo is not entitled to habeas relief.

## *Lack of Jurisdiction*

Giraldo essentially requests immediate removal of the detainer lodged by the Department of Justice ("DOJ"). To satisfy his request, petitioner must be in the custody of the DOJ. *See Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 494-95 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody.") Giraldo is not in the custody of DOJ.  Instead, the petition indicates that Giraldo is currently serving a term of imprisonment imposed by the District Court of Pennsylvania.  The INS detainer does not place petitioner in INS custody. *See, e.g., Prieto v. Gluch*, 913 F.2d 1159, 1162 (6th Cir.1990); *Orozco v. INS*, 911 F.2d 539, 541 (11th Cir.1990); *Campillo v. Sullivan*, 853 F.2d 593, 595 (8th Cir.1988). A detainer is simply a notice filed with the institution in which a prisoner is serving a sentence, advising that the prisoner is wanted to face pending charges elsewhere, and requesting the custodian to notify the filing jurisdiction prior to releasing the prisoner.  *Ridgeway v. United States*, 558 F.2d 357 (6th Cir. 1977).

Giraldo is now, and will remain, in the custody of the warden at the prison at which he is located until the term of his sentence ends. *Vasquez v. Reno*, 233 F.3d 688, 690-91 (1st Cir. 2000) (prisoner's proper custodian for purposes of habeas review is warden of facility where he is being held).  Because Giraldo is not in the custody of the named Respondents, the Court has no jurisdiction to entertain his petition.  *Prieto*, 913 F.3d at 1162-63.

*Conclusion*

Based on the foregoing, the petition is dismissed pursuant to 28 U.S.C. § 2243.  The court

certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in

good faith.

IT IS SO ORDERED.


Dated: November 25, 2009                 */s/ John R. Adams*
                                          JOHN R. ADAMS
                                          UNITED STATES DISTRICT JUDGE

4